IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LAURA KRISTEN BOYD MEADOR,
     Petitioner,

v.

MICHAEL SMITH, Warden, FMC-Carswell,
     Respondent.

Civil Action No. 4:23-CV-01209-P

### RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

In her petition for writ of habeas corpus under 28 U.S.C. § 2241, Laura Kristen Boyd Meador, Petitioner, challenges her arrest and subsequent detention alleging she is falsely imprisoned and that there was no jurisdiction to arrest her. The petition should be dismissed because § 2241 is not the appropriate means to challenge her pretrial detention in a federal criminal proceeding.

### I.      Background Facts

On June 15, 2022, a sealed indictment was filed in United States District Court for South Carolina charging Petitioner with two counts of Interstate Communications-Threats to a Person. App. p. 8. The United States moved for detention and a detention hearing was held on June 21, 2022. App. pp. 2-4. At the conclusion of the hearing, Petitioner was ordered detained pending trial. App. p. 4. On August 16, 2022, the Court held a telephonic hearing and granted a continuance of the case—at Petitioner's criminal defense counsel's request—so that Petitioner could undergo a mental competency examination. App. p. 11. Petitioner was subsequently found to be mentally incompetent and, pursuant to 18 U.S.C. § 4241(d), was committed for hospitalization and treatment to determine whether she might regain competency. App. p. 16-17. Considering the issues relating to her mental health and capacity to stand trial, Petitioner was

transferred to FMC Carswell in Fort Worth (which is a Federal Bureau of Prisons facility with specialized mental-health treatment facilities), where she is presently in custody. *See* Doc. 1, ¶ 2 (listing Petitioner's place of confinement as FMC Carswell). On December 21, 2023, Petitioner filed the current petition seeking relief under § 2241.

## II.      Argument and Authorities

**A.      Section 2241 cannot be used to challenge pretrial detention in a federal criminal case.**

Habeas corpus is not the appropriate avenue for Petitioner's pretrial challenges to her present detention at the order of the court in her ongoing federal criminal proceeding in the District of South Carolina. In her petition, Petitioner alleges false and unlawful arrest, unlawful detention, and seeks immediate release. Because the issues raised, if resolved in her favor, would be dispositive of her pending criminal charges (and/or of the South Carolina federal court's pretrial detention order and its § 4241(d) order for hospitalization and treatment of Petitioner's present mental incompetency), she must exhaust those claims by presenting them to the criminal trial court and on direct appeal before she can assert them in a collateral habeas corpus action. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial.").

A petition under § 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But while habeas corpus is an appropriate remedy for an individual held in custody in violation of the Constitution, the Supreme Court has held that district courts should not grant relief in habeas actions "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6 (1951). Applying this general rule specifically to pretrial detention

orders, the Fifth Circuit has held that while the provisions of 18 U.S.C. § 3145 do not provide the exclusive means for a federal prisoner to challenge a pretrial detention order, they are the preferred and appropriate means for doing so. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam) ("[W]e decline to hold that § 3145 provides the exclusive means by which a person under indictment can challenge his pretrial detention. Nevertheless, the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, as demonstrated below, should ordinarily provide strong incentive for defendants to employ Section 3145 appeals."); *see also Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010) (per curiam) (holding that § 2241 is not the proper vehicle for claims regarding federal pretrial detention); *Campbell v. Head*, No. 2:21-cv-00137, 2021 WL 9315345 (S.D. Tex. Dec. 9, 2021) (ruling that pretrial detention orders should be challenged under 18 U.S.C. § 3145 rather than in a § 2241 habeas petition); *Monte v. United States*, No. CIV-21-89-R, 2021 WL 1676274, at *2–3 (W.D. Okla. Apr. 7, 2021), *report and recommendation adopted*, 2021 WL 1668051 (W.D. Okla. Apr. 28, 2021) (rejecting federal pretrial detainee's invocation of § 2241 to challenge detention for purposes of conducting a competency evaluation where he could, and therefore must, do so directly in his federal criminal proceedings).

In short, Petitioner may challenge the South Carolina federal court's order of pretrial detention by filing a motion under § 3145(b) in that court.[1] If the district judge denies that motion, Petitioner may appeal that decision to the Fourth Circuit, as provided by § 3145(c) and 28 U.S.C. § 1291. Because these remedies remain available to Petitioner in the underlying criminal action,

---

[1] Petitioner presumably could also seek reconsideration of the South Carolina court's § 4241(d) order for Petitioner to undergo mental health evaluation and treatment; although, Petitioner appears, though counsel, to have consented to this order so it is unclear what basis Petitioner would have to challenge it. *See* App. p. 16-17 (§ 4241(d) order, noting that Petitioner's criminal defense counsel had accepted the report finding Petitioner incompetent and waived any hearing on the issue).

3

she has not exhausted her remedies as required to pursue relief under § 2241, as the above-cited authorities show.

Petitioner also appears to challenge the constitutionality of the criminal indictment against her. But it is a "settled principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court." *United States v. Bowler*, 62 F.3d 397, 1995 WL 449713, at * 1 (5th Cir. 1995) (per curiam). A pretrial writ of habeas corpus will be considered only in "rare and exceptional" circumstances. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal). Petitioner's claims of constitutional error should be presented and decided in the criminal case, not in a habeas petition.

On Petitioner's criminal docket, it does not show that she has challenged the constitutionality of her indictment or arrest. *See* App. pp. 6-14. Petitioner has not shown any "rare and exceptional" circumstances that would warrant consideration of this constitutional claim outside of her ongoing criminal proceedings. In the absence of such circumstances, she may not use this habeas petition to preempt or avoid the proceedings in the underlying criminal action.

### III. Conclusion

Petition has neither exhausted her available remedies nor shown that rare and exceptional circumstances exist that would support disrupting the normal course of the underlying criminal proceedings, therefore Petitioner is not entitled to relief under § 2241 and the petition should be

4

dismissed.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

/s/ Ann E. Cruce-Haag
ANN E. CRUCE-HAAG
Assistant United States Attorney
Texas Bar No. 24032102
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:    (806) 472-7351
Facsimile:     (806) 472-7394
Email: ann.haag@usdoj.gov

Attorneys for Respondent

## CERTIFICATE OF SERVICE

On January 30, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Ann E. Cruce-Haag
ANN E. CRUCE-HAAG
Assistant United States Attorney

5