UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LAURA KRISTEN BOYD MEADOR,

    Petitioner,

v.                                          Civil No. 4:23-cv-1209-P

MICHAEL SMITH,
FMC-Carswell,

    Respondent.

## OPINION AND ORDER OF DISMISSAL

Petitioner, Laura Kristen Boyd Meador, a federal prisoner, filed a petition for a writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2241. Respondent Warden Michael Smith has filed a response with appendix, and Meador filed a reply, and supplemental document. ECF Nos. 17-20, 21, and 22. The Court, having considered the pleadings, and applicable authorities, concludes that the § 2241 petition must be **DISMISSED.**

### I.    BACKGROUND

On June 15, 2022, a sealed indictment was filed in the United States District Court for South Carolina charging Meador with two counts of Interstate Communications-Threats to a Person. App. at 8-9 (*USA v. Meador*, No.9:22-CR-520 (D.S.C.), docket sheet), ECF No. 18. The United States moved for detention and a detention hearing was held on June 21, 2022. App. at 4-6 *(USA v. Meador*, No. 9:22-CR-520) (D.S.C. June 21, 2022) (Order of Detention), ECF No. 18. At the conclusion of the hearing, Meador was ordered detained pending trial. *Id.* On August 16, 2022, the Court held a telephonic hearing and granted a continuance of the case—at Meador's criminal defense counsel's request—so that she could undergo a mental competency examination. App. at 13 (*USA v. Meador*, No.9:22-CR-520 (D.S.C.), docket sheet), ECF No. 18. Meador was subsequently found to be mentally incompetent and, pursuant to 18 U.S.C. § 4241(d), was committed for hospitalization and treatment to determine whether she might regain competency. *Id.* at 13-16; Sealed App. at 4-5 (*USA v. Meador*, No.9:22-CR-520 (D.S.C. Jan 4, 2023) (Order for Treatment under § 4241(d), noting that Meador's criminal defense counsel had accepted the

report finding Meador incompetent and waived any hearing on the issue), ECF No. 19. Considering the issues relating to her mental health and capacity to stand trial, Meador was transferred to FMC-Carswell in Fort Worth, a medical facility, where she is presently in custody. Pet. at. 1 ¶ 2 (listing Meador's place of confinement as FMC-Carswell), ECF No.1.

## II.     ANALYSIS

### A.     § 2241 Not Appropriate to Challenge Pretrial Detention in a Federal Criminal Case.

Habeas corpus is not the appropriate avenue for Meador's pretrial challenges to her present detention at the order of the court in her ongoing federal criminal proceeding in the District of South Carolina. In her petition, Meador alleges false and unlawful arrest, unlawful detention, and she seeks immediate release. Pet. 2, 5-7, ECF No. 1. Because the issues raised, if resolved in her favor, would be dispositive of her pending criminal charges (and/or of the South Carolina federal court's pretrial detention order and its § 4241(d) order for hospitalization and treatment of Meadors's present mental incompetency), she must exhaust those claims by presenting them to the criminal trial court and on direct appeal before she can assert them in a collateral habeas corpus action. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial.") (citations omitted).

A petition under § 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But while habeas corpus is an appropriate remedy for an individual held in custody in violation of the Constitution, the Supreme Court has held that district courts should not grant relief in habeas actions "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6 (1951). Applying this general rule specifically to pretrial detention orders, the Fifth Circuit has held that while the provisions of 18 U.S.C. § 3145 (allowing for appeals from a release or detention order) do not provide the exclusive means for a federal prisoner to challenge a pretrial detention order, they are the preferred and appropriate means for doing so. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam) ("[W]e decline to hold that § 3145 provides the *exclusive* means by which a person under indictment can challenge his pretrial detention. Nevertheless, the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, as demonstrated

below, should ordinarily provide strong incentive for defendants to employ Section 3145 appeals.") (emphasis in original); *see also Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010) (per curiam) (holding that § 2241 is not the proper vehicle for claims regarding federal pretrial detention); *Campbell v. Head*, No. 2:21-CV-00137, 2021 WL 9315345 (S.D. Tex. Dec. 9, 2021) (ruling that pretrial detention orders should be challenged under 18 U.S.C. § 3145 rather than in a § 2241 habeas petition); *Monte v. United States*, No. CIV-21-89-R, 2021 WL 1676274, at *2–3 (W.D. Okla. Apr. 7, 2021), *rep. and rec. adopted*, 2021 WL 1668051 (W.D. Okla. Apr. 28, 2021) (rejecting federal pretrial detainee's invocation of § 2241 to challenge detention for purposes of conducting a competency evaluation where he could, and therefore must, do so directly in his federal criminal proceedings).

In short, Meador may challenge the South Carolina federal court's order of pretrial detention by filing a motion under § 3145(b) in that court.[1] If the district judge denies that motion, Petitioner may appeal that decision to the Fourth Circuit, as provided by § 3145(c) and 28 U.S.C. § 1291. Because these remedies remain available to Meador in the underlying criminal action, she has not exhausted her remedies as required to pursue relief under § 2241, as the above-cited authorities show.

Petitioner also appears to challenge the constitutionality of the criminal indictment against her. But it is a "settled principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court." *United States v. Bowler*, 62 F.3d 397, 1995 WL 449713, at * 1 (5th Cir. 1995) (per curiam) (citation omitted). A pretrial writ of habeas corpus will be considered only in "rare and exceptional" circumstances. *See Jones*, 245 U.S. at 391 ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary,

---

[1] Meador presumably could also seek reconsideration of the South Carolina court's § 4241(d) order for her to undergo mental health evaluation and treatment; although, she appears, though counsel, to have consented to this order. *See* Sealed App. at 4-5 (*USA v. Meador*, No.9:22-CR-520 (D.S.C. Jan 4, 2023) (Order for Treatment under § 4241(d), noting that Meador's criminal defense counsel had accepted the report finding Petitioner incompetent and waived any hearing on the issue), ECF No. 19.

appeal). Meador's claims of constitutional error should be presented and decided in the criminal case, not in a habeas petition.

Meador's criminal docket reveals that she has not challenged the constitutionality of her indictment or arrest. *See* App. at 8-16 (*USA v. Meador*, No. 9:22-CR-520 (D.S.C.),(docket entries for August 8, 2023 noting that her psychiatric evaluation showed she had not been restored to competence, and for January 23, 2024 noting that her status had not changed), ECF No. 18, docket sheet), ECF No. 18.  Meador has not shown any "rare and exceptional" circumstances that would warrant consideration of her constitutional claim outside of her ongoing criminal proceedings. In the absence of such circumstances, she may not use this habeas petition to preempt or avoid the proceedings in the underlying criminal action.

### III.   CONCLUSION and ORDER

For the reasons set forth, Meador has neither exhausted her available remedies nor shown that rare and exceptional circumstances exist that would support disrupting the normal course of the underlying criminal proceedings. Therefore, Meador's petition for relief under § 2241 must be dismissed.[2]

It is therefore **ORDERED** that petitioner Laura Kristen Boyd Meador's petition for relief under 28 U.S.C. § 2241 is **DISMISSED.**

**SO ORDERED** this **11th day** of **March 2024.**

_____

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

[2] The Court previously denied Meador's motion for appointment of counsel. ECF No. 7. She has also filed a motion for clarification of that order (ECF No. 12), which is **DENIED**.  Meador also filed handwritten motions for immediate release (ECF No. 13), and to "Update the Court on 3 Matters," which also seeks immediate release (ECF No. 15). Because Meador is not entitled to relief against her detention under § 2241, these motions must be **DENIED**.